**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **VIJAYSINH RAMANJI CHAUHAN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-25-CV-00574-DB** |
| | § | |
| **KRISTI NOEM,** *Secretary of Homeland* | § | |
| *Security, U.S. Department of Homeland* | § | |
| *Security, et al.*, | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered Petitioner Vijaysinh Ramanji Chauha's ("Petitioner") "Petition for Writ of Habeas Corpus" ("Petition"), ECF No.[1] 1, filed on November 14, 2025. After due consideration, this Court asserts its jurisdiction over Petitioner's claims and hereby orders Petitioner's bond hearing be held in accordance with the deadlines set forth herein. For the following reasons, the Petition is granted in part.

## BACKGROUND

Petitioner is a citizen of India who entered the United States in 2024. ECF No. 1 at 12. Upon entry to the United States, Petitioner was encountered by immigration officials and issued a Notice to Appear commencing removal proceedings. ECF No. 1 at 12–13. Petitioner was subsequently released on recognizance pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 13. Petitioner later relocated to Maryland, where he enrolled in the Intensive Supervision Appearance Program ("ISAP"). *Id.* There is nothing in the record to suggest that Petitioner has a criminal history. *See generally* ECF Nos. 1 and 5.

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter.  When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

On October 22, 2025, Petitioner received a phone call from Immigration and Custom Enforcement ("ICE") informing him that he was required to report for a check-in. ECF No. 1 at 13. The next day, Petitioner reported for his check-in and was subsequently detained without forewarning. *Id.* Petitioner is currently detained at ERO El Paso Camp East Montana. *Id.* Petitioner has removal proceedings pending, with an individual hearing scheduled for December 9, 2025. *Id.* at 14. Based on the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Respondents consider Petitioner to be subject to mandatory detention under 18 U.S.C. § 1225(b). *Id.* at 16. Accordingly, any request for a bond hearing would be futile. *Id.* at 16.

In his Petition before this Court, Petitioner asks the Court to declare that Petitioner's detention violates the Fifth Amendment's Due Process Clause and the INA, issue a writ of habeas corpus ordering Respondents to release Petitioner immediately, and award attorneys' fees. ECF No. 1 at 17–18. Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 5, on December 1, 2025.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## ANALYSIS

Respondents erroneously assert the Court is without jurisdiction to review Petitioner's asserted claims. This Court recently rejected nearly identical arguments in a similar case. Further, the Court finds Petitioner's as-applied challenge under the Fifth Amendment's Due Process Clause has merit. Accordingly, Respondents must provide Petitioner with a bond hearing before an immigration judge in accordance with the orders herein or immediately release him. Lastly, because the Court finds an as-applied challenge meritorious,[2] it declines to address Petitioner's statutory interpretation claims.[3]

A.      Jurisdiction

As a threshold matter, the Court asserts its jurisdiction over this case. Respondents argue this Court lacks jurisdiction under two INA provisions: 8 U.S.C. §§ 1252(g) and (b)(9). ECF No. 5 at 11–12. This Court already rejected these arguments in a seemingly identical case where the petitioner was also challenging his detention without a bond hearing under Respondents' expansive reading of Section 1225(b)'s mandatory detention provision. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880, at *1, *3 (W.D. Tex. Oct. 16, 2025) (rejecting jurisdictional arguments under Section 1252(g) and Section 1252(b)(9) based on Supreme Court precedent); *see also Rodriguez Cortina v. De Anda-Ybarra*, No. EP-25-CV-00523-DB, 2025 WL

---

[2] The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondents' reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.

[3] Notably, courts across the country have recently held that Respondents' interpretation is either incorrect or likely incorrect. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025), 2025 WL 2886346, at *3 (noting that "almost every district court to consider this issue" has rejected the Government's new interpretation); *Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug. 29, 2025) (collecting twelve such decisions).

3218682, at *1, *2 (W.D. Tex. Nov. 18, 2025) (rejecting the Government's jurisdictional arguments for the same reasons stated in *Viera*, 2025 WL 2937880, at *3); *Cruz Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526, at *1, *2 (W.D. Tex. Nov. 20, 2025) (also citing *Viera*, 2025 WL 2937880, at *3 to reject the Government's jurisdictional arguments). Here, because there are no meaningful differences in Respondents' arguments under those provisions, the Court rejects them for the reasons stated in *Vieira*.

B.    <u>Procedural Due Process</u>

Turning to the merits, Petitioner alleges his detention violates the Fifth Amendment's Due Process Clause. ECF No. 1 at 17. Respondents argue Petitioner has no procedural due process claim because he is subject to mandatory detention under Section 1225(b)(1),[4] and he is not entitled to any more process than the statute gives him. ECF No. 5 at 3–5, 12–13.

*1. Petitioner is entitled to the Fifth Amendment's Due Process Clause's protections.*

The Fifth Amendment's Due Process Clause forbids the government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. David*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992)). The Supreme Court "has said that government detention violates that Clause unless the detention is ordered in a *criminal* proceeding

---

[4] This section is titled "Inspection of applicants for admission," and generally provides that "[i]f an immigration officer determines that an alien. . . who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i).

with adequate procedural protections, *see United States v. Salerno,* 481 U.S. 739, 746 (1987), or, in certain special and 'narrow' nonpunitive 'circumstances,' *Foucha,* 504, U.S. at 80, where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Kansas v. Hendricks,* 521 U.S. 346, 356 (1997). *Id.* "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus,* 435 U.S. 247, 259 (1978).

Respondents first contend Petitioner has no claim of right under the Fifth Amendment's Due Process Clause because he is only entitled to the due process provided to him under the INA. ECF No. 5 at 13. In their view, Petitioner is not entitled to more process than what Congress provided him by statute, regardless of whether the applicable statute is § 1225(b) or § 1226(a). *Id.* Respondents cite to *Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) to support their position. But this Court agrees with the line of other courts that have found *Thuraissigiam* is not preclusive on the facts of this case. Petitioner is not challenging his removal, but rather his detention during removal. And, while he was initially detained upon entry, he was released on his personal recognizance into the United States where he has lived for approximately one year.

In *Thuraissigiam*, the Supreme Court held "[m]ore than a century of precedent establishes that, for aliens seeking initial entry, 'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" *Thuraissigiam*, 591 U.S. at 104. The petitioner in that case had been detained after making it 25 yards into U.S. territory, and the Court made clear that an individual detained shortly after unlawful entry cannot be said to have "effected an entry." *Id.* In declining an as-applied constitutional challenge to Section

1252(e)(2), the Court reasoned that "[w]hile aliens who have established connections in this country have due process rights in deportation proceedings, the Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *Id.* at 107.

Respondents urge the Court to find *Thuraissigiam* squarely rejects an as-applied challenge in this context, arguing that:

> Just like Petitioner, the alien in *Thuraissigiam* was on "the threshold of entry" as an applicant for admission detained under § 1225(b)(1)(A). Although Petitioner was issued an NTA [and released under an Order of Release on Recognizance] and the alien in *Thuraissigiam* was not, both are nonetheless applicants for admission as defined by § 1225(a)(1), and *Thuraissigiam* remains binding.

ECF No. 5 at 13 (citation omitted). However, the Court cannot ignore a critical distinction. It is well-established that "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* (collecting cases). Even in *Thuraissigiam*, the core point of the Court's analysis in rejecting an as-applied challenge rested on the fact that as an individual who was on the initial threshold of entry, he wasn't entitled to more due process than that afforded by statute. Precedent and logic tell us that those individuals who have established ties in the country are protected by constitutional procedural due process. After all, it is a "well established" rule "that the Fifth Amendment entitles aliens to due process of law." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025). Here, it is undisputed Petitioner has lived in the United States since his initial entry in 2024 and that his current detention was the result of

an ICE arrest effectuated during a requested check-in in Maryland on October 22, 2025. ECF No. 1 at 13. Petitioner is entitled to the Fifth Amendment's Due Process Clause protections.

   2. *Based on Mathews v. Eldrige, Section 1252(b) is unconstitutional as applied to Petitioner.*

   Finding Petitioner is entitled to procedural due process protection under the Fifth Amendment, the question becomes how much. Petitioner argues Section 1225(b)[5] is unconstitutional as applied to him because it violates his due process protections including a hearing before an immigration judge to determine whether he is a flight risk or a danger to the community.[6] ECF No. 1 at 14. Respondents argue due process does not require Petitioner to be afforded a bond hearing, because Section 1225 does not provide one to him during removal proceedings. ECF No. 5 at 12 For reasons already discussed, Respondents arguments are misplaced. Further, Respondents argue Petitioner is receiving sufficient process because he is in full removal proceedings, where "the constitutional protections are built" in. *Id.* at 13. But that argument misses the mark because whatever constitutional procedures are required for his removal are separate and apart from the procedures required for his detention under the Fifth Amendment.

   The Supreme Court's balancing test in *Mathews v. Eldrige* is dispositive. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "[I]dentification of the specific dictates of due process generally requires

---

[5] The Court finds the fact that Petitioner is detained under Section 1225(b)(1) versus 1225(b)(2) inconsequential for purposes of its analysis because both require mandatory detention and such detention the main issue raised by Petitioner.

[6] Because the Court has determined that 8 U.S.C. § 1225 is unconstitutional as applied to Petitioner, the Court need not address Petitioner's argument's that Petitioner should have been "rearrested under the original warrant and arresting authority of § 1226." ECF No. 1 at 14.

consideration of three distinct factors": (1) "the private interest that will be affected by the official action"; (2) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," and (3) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Id.* at 335.

The first *Mathews* factor weighs in Petitioner's favor. Respondents' position is that Petitioner does not acquire a protected liberty interest until his detention becomes prolonged, and Petitioner has no colorable claim here because "he has been detained for only a brief period pending his removal proceedings." ECF No. 5 at 14. This position fails to consider that above all else, Petitioner has acquired a liberty interest by being present in the United States for a year. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.  One's physical freedom is a paramount interest secured by statutes and the Constitution. *Martinez v. Noem*, No. EP-25-CV-430-KC, 2025 WL 2965859 at *3 (W.D. Tex. Oct. 21, 2025) (citation omitted). This applies to noncitizens as well, even if only to varying degrees. *Id.* "[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality." *Martinez v. Hyde*, 792 F.Supp.3d 211 at 222 (D. Mass. 2025) (quoting *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958)). "In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Id.* (quoting *Leng May Ma*, 357 U.S. at 187).

Here, Petitioner has been living in the United States for approximately one year and has established strong ties to the community. ECF No. 1 at 13. Prior to his detention, Petitioner lived with his wife and two young children in Maryland, whom he provided for both emotionally and financially. *Id.* at 13, 15. Like many courts across the country dealing with similar circumstances, this Court finds Petitioner possess a strong liberty interest in his freedom from detention because he has established a life here—albeit without authorization. *See, e.g., Martinez v. Noem,* No. EP-25-CV-430-KC, 2025 WL 2965859 (W.D. Tex. Oct. 21, 2025)*; Sanchez Alvarez v. Noem*, No. 25-CV-1090, 2025 WL 2942648, at *1, 7 (W.D. Mich. Oct. 17, 2025); *Chogllo Chafla v. Scott*, Nos. 25-CV-437, 438, 439, 2025 WL 2688541, at *1, 10 (D. Me. Sept. 22, 2025). Accordingly, he possesses a cognizable interest in his freedom from detention that deserves great weight and gravity.

Turning now to the second *Mathews* factor, which also weighs in favor of Petitioner. Here, the Court considers "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents, of course, have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. While it appears from this record that Petitioner would not be a flight risk and has no criminal history that would pose a danger to the community, Respondents could certainly vindicate this interest at a bond hearing. The government's interest is generally protected by affording bond hearings like the one Petitioner is requesting. Further, any fiscal or administrative burdens Respondents may assert by having to provide a bond hearing are diminished given the government

had conducted such hearings until a change in the agency's interpretation of the law. *See* ECF No. 1 at 6. Accordingly, this factor weighs in favor of Petitioner.

Lastly, the third *Mathews* factor also weighs in favor of Petitioner. This calls for the Court to consider "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. Here, Section 1225(b) as applied creates a substantial risk of erroneous deprivation of Petitioner's interest in being free from arbitrary confinement pending resolution of his removal proceedings. The risk lies in the automatic continued deprivation of liberty for a noncitizen who has lived in the United States for a year and with strong ties to the community, especially where there are no facts in the record to reflect Petitioner's dangerousness or flight risk. Lastly, the value of additional safeguards is high given that it will allow an immigration judge conducting a bond hearing to make a determination on specific facts whether continued detention is necessary to ensure presence at removal hearings and safety for the community. Because all *Mathews* factors weigh in favor of Petitioner, Section 1225(b) as applied to Petitioner violates his Fifth Amendment Due Process rights.

## CONCLUSION

For the reasons stated above, this Court determines it has jurisdiction over the instant matter, and Petitioner has established a violation of the Fifth Amendment's Due Process Clause as applied to him. Accordingly, the following orders shall issue:

**IT IS HEREBY ORDERED** the Petitioner Vijaysinh Ramanji Chauhan's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge **no later than December 15, 2025** at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of his removal proceedings.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than December 11, 2025**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than December 19, 2025.**

**SIGNED** this **8th** day of **December 2025**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

11